UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DARNELL WESLY MOON, | |
| Plaintiff, | Case No. 3:15-cv-00274 |
| vs. | |
| SHERIFF FISCHER, *et al.*, | Magistrate Judge Michael J. Newman (Consent Case) |
| Defendants. | |

**DECISION AND ENTRY: (1) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 10) WITHOUT PREJUDICE; AND (2) DENYING *PRO SE* PLAINTIFF'S MOTION FOR THE RETURN OF PROPERTY (DOC. 7)**

This civil consent case is before the Court on Plaintiff's motion for the return of property (doc. 7) and Defendants' motion for summary judgment (doc. 10). *Pro se* Plaintiff Darnell Wesly Moon ("Plaintiff") filed a memorandum in opposition to Defendants' motion for summary judgment. Doc. 12. Defendants did not file a reply memorandum and the time for doing so has expired. The Court has carefully considered the foregoing documents and the pending motions are now ripe for decision.

*Pro se* Plaintiff filed his original complaint in this case on August 25, 2015 alleging claims under 42 U.S.C. § 1983 arising from an allegedly unconstitutional search and seizure of his residence in Fairborn, Ohio. *See* doc. 3 at PageID 26. In addition to seeking damages arising from Defendants' alleged unconstitutional conduct regarding the search and seizure, *pro se* Plaintiff seeks the return of property seized by Defendants. *Id*. at PageID 27. Defendants answered the original complaint. Doc. 6. Thereafter, *pro se* Plaintiff filed a separate motion for the return of seized property (doc. 7) and also moved to amend his complaint (doc. 8). Defendants did not respond to either *pro se* Plaintiff's motion for the return of property or the motion to amend the complaint. Therefore, the undersigned granted Plaintiff's motion to amend

and ordered Defendants to respond to Plaintiff's motion for the return of property. *See* Notation Order dated December 31, 2015.

On January 6, 2016, Defendants filed a document purporting to be a motion for summary judgment. Doc. 10. That document, however, does not address *pro se* Plaintiff's substantive § 1983 claims alleging an unconstitutional search and seizure. *See id*. Instead, Defendants merely present evidence that the property Plaintiff seeks returned is no longer in their possession and, instead, is presently in the possession of the Internal Revenue Service ("IRS"). *See* doc. 10-1 at PageID 62; *see also* doc. 10-2 at PageID 63-64. From the Court's perspective, Defendants' motion for summary judgment is actually a memorandum in opposition to *pro se* Plaintiff's motion for the return of property (*i.e.*, the memorandum the undersigned ordered be filed). Insofar as Defendants' filing is, indeed, a motion for summary judgment, it is responsive solely to Plaintiff's original complaint -- which was superseded by an amended complaint filed with leave of Court (doc. 11). Accordingly Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE** as moot.

With regard to *pro se* Plaintiff's motion for the return of his property (doc. 7), it appears the property at issue is in the possession of the IRS as the result of an ongoing criminal investigation. Accordingly, the motion (doc. 7) is **DENIED**. *Accord United States v. Robinson*, No. 3:12-CR-32, 2013 WL 3778787, at *2 (S.D. Ohio July 18, 2013) (stating that "[a] defendant's motion for return of property will be unavailing where the government has a continuing interest in the property") (citations omitted).

    **IT IS SO ORDERED.**

Date:   April 11, 2016                      *s/ Michael J. Newman*
                                                                  Michael J. Newman
                                                                  United States Magistrate Judge