UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DARNELL WESLY MOON,

    Plaintiff,

vs.

SHERIFF FISCHER, *et al.*,

    Defendants.

Case No. 3:15-cv-274

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 24); (2) DENYING DEFENDANTS' TWO MOTIONS TO STRIKE (DOCS. 33, 35); (3) DISMISSING *PRO SE* PLAINTIFF'S PROCEDURAL DUE PROCESS AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS; AND (4) ORDERING DEFENDANTS TO FILE A MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR THE RETURN OF PROPERTY (DOC. 34)**

---

This civil consent case is before the Court on Defendants' motion for judgment on the pleadings. Doc. 24. *Pro se* Plaintiff Darnell Moon ("Moon") filed a memorandum in opposition to Defendants' motion. Doc. 32. Defendants did not file a reply memorandum in support of their motion, and the time for doing so has expired.[1] The Court has carefully reviewed these documents, and Defendants' motion is now ripe for decision.

**I.**

Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The standard for reviewing a Rule 12(c) motion is the same standard employed for reviewing a Rule

---

[1] Defendants filed INSTEAD a motion to strike Moon's opposition memorandum -- on the grounds that it was untimely filed. Doc. 33. Assuming, *arguendo*, that *pro se* Plaintiff's memorandum in opposition was untimely filed, the Court, in the interests of justice, nevertheless considers such filing and **GRANTS** *pro se* Plaintiff leave to file such memorandum, *nunc pro tunc*. Accordingly, Defendants' motion to strike (doc. 33) is **DENIED**.

12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

## II.

*Pro se* Plaintiff Darnell Wesly Moon ("Moon") was arrested by the United States Marshal in Fairborn, Ohio on March 27, 2015 for a probation violation.  Doc. 11 at PageID 69-70.  Fairborn lies within Greene County, Ohio.

While in federal custody for such violation, Moon was detained in a different county -- Butler County, Ohio -- at the Butler County Jail.  *Id*. at PageID 70.  Later that same day, Defendants -- all of whom are law enforcement officers employed by Defendant Gene Fischer, the Greene County Sheriff -- executed a search warrant at Moon's Fairborn apartment.  *Id*.  Moon alleges that the search warrant authorizing the apartment search was actually issued a week before his arrest, but executed only after his arrest so that Defendants "could effectuate the search warrant without any interruption(s)[,]" knowing that Moon was in custody in the Butler County Jail.  *Id*.

During the search, Defendants "took numerous personal items belonging to [Moon]" and others, including debit and prepaid cards, tax records, a laptop with accessories, as well as $3,100.00 in cash.  *Id*. at 70-71.  Such personal property was subsequently transferred to the possession of law enforcement agents of the Internal Revenue Service ("IRS").  *Id*. at PageID

3

72-73. In fact, the undersigned authorized a warrant on December 14, 2015 for federal law enforcement, including agents of the IRS, to seize such property from the Greene County, Ohio Sheriff's Office. *See In re: Property Currently Located at Greene County Sheriff's Office*, Case No. 3:15-mj-545, Search and Seizure Warrant, doc. 2 (S.D. Ohio Dec. 14, 2015).[2]

Moon initiated this civil case on August 11, 2015 alleging claims under 42 U.S.C. § 1983, as well as a state law claim for intentional infliction of emotional distress ("IIED"). *See* docs. 1, 3. Subsequently, and without opposition by Defendants, Moon filed an amended pleading also asserting claims under § 1983. *See* doc. 11. With regard to his § 1983 claims, Moon alleges that Defendants: (1) violated his Fourth Amendment right to be free from unreasonable searches and seizures by setting forth false information in the affidavit supporting law enforcement's request for a search warrant of his residence; and (2) deprived him of his Fourteenth Amendment right to procedural due process by failing to personally serve him with a copy of the search warrant or a receipt regarding the personal property seized during the apartment search. *Id*. at PageID 73-77.

### III.

In their motion for judgment on the pleadings, Defendants seeks dismissal of Moon's: (A) procedural due process claim arising from Defendants' alleged failure to personally serve him with a copy of the search warrant or inventory of the property seized; and (B) state law IIED claim, in which he contends he suffers distress because of a "possibility of prosecution." Doc.

---

[2] Moon filed a second motion for the return of property. Doc. 34. Defendants did not file a memorandum in opposition to Moon's motion and, instead, filed a motion to strike Moon's motion. Doc. 35. At this point in time, there is no evidence before the Court that Moon is facing criminal prosecution as a result of evidence seized during the subject search and, further, there is no indication that there is any ongoing investigation regarding such property. In the interests of justice, the Court **DENIES** Defendant's motion to strike and **ORDERS** Defendants to file a memorandum in opposition within **FOURTEEN (14) DAYS** from the entry of this Order. In doing so, Defendants should address whether they presently possess the subject property and whether the Court has jurisdiction to act on Moon's motion in this proceeding.

24. Notably, Defendants do not address Moon's Fourth Amendment search and seizure claim in their Rule 12(c) motion and, therefore, the Court does not address such claim herein.

### A. Due Process

Moon argues that Defendants violated his procedural due process rights[3] by failing to personally serve him with a notice of the execution of the warrant and/or a receipt listing the personal property seized during the resulting search. *See* doc. 32 at PageID 142-44. Moon contends that, under the circumstances presented here -- *i.e.*, considering the fact he was incarcerated at the time of the search -- "law enforcement should be required to seek out the property owner whose property has been seized, and provide them with personal service" of the warrant's execution and receipt of property seized. *Id*. at PageID 144. Defendants argue that -- even assuming, *arguendo*, a constitutional violation occurred here -- they are entitled to qualified immunity.

"Qualified immunity shields individual government officials from liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hensley v. Gassman*, 693 F.3d 681, 687 (6th Cir. 2012) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A law is clearly established where it is "clear in regard to the official's particular actions in the particular situation." *Id*. (citation omitted). "'The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing' violates federal law." *Id*. (citing *Anderson v. Creighton*, 483

---

[3] Moon does not assert that failure to provide notice of the property seized amounts to a Fourth Amendment violation, although he does otherwise assert a claim under the Fourth Amendment arising from allegedly false statements made to a state judicial officer in securing the search warrant. *See* doc. 11 at PageID 74-76. Nevertheless, courts have deemed the "service" required by Fed. R. Crim. P. 41(f) is a "ministerial" requirement for Fourth Amendment purposes, and that a failure to provide the notice does not violate the Fourth Amendment or invalidate an otherwise valid search in the absence of prejudice. *See United States v. Thompson*, 263 F. App'x 374, 379 (4th Cir. 2008) (stating that "[m]inisterial violations of [Criminal] Rule 41, such as failing to leave either a copy of the search warrant or a receipt of items seized, are non-constitutional"); *cf. Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996).

U.S. 635, 640 (1987)). In that regard, "'pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.'" *Saylor v. Bd. of Educ. of Harlan Cnty., Ky.*, 118 F.3d 507, 515-16 (6th Cir. 1997) (citation omitted). Here, the Court agrees that, even assuming a constitutional violation occurred, Defendants are entitled to qualified immunity.

"[W]hen law enforcement agents seize property pursuant to [a] warrant, due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return." *City of West Covina v. Perkins*, 525 U.S. 234, 240-41 (1999). Despite such authority from the Supreme Court, there is no clearly established law as "to when such notice must be provided, a critical factor in a case such as this one where [Moon] was indisputably notified at some point." *Moore v. Cty. of Delaware*, 348 F. App'x 595, 599 (2d Cir. 2009).[4]

Further, there is no clearly established law as to how such notice must be given; certainly, there is no clearly established due process right to *personal* service of a search inventory by officers. *See Koller v. Wachovia Bank, N.A.*, No. 3:10-CV-00735 (JAM), 2016 WL 4773133, at *5 (D. Conn. Sept. 12, 2016) (finding that the court could not "conclude that an objectively reasonable law enforcement [officer] would have believed that it violated plaintiff's rights under the Due Process Clause for the officers to serve the notice as they did in this case on [a] bank rather than directly on plaintiff"). In fact, the Court notes that neither Ohio R. Crim. P. 41 nor Fed. R. Crim. P. 41 requires *personal* service of such notice upon the owner of the personal property seized. Instead, both Rules permit law enforcement officers to leave a receipt of

---

[4] Moon alleges that he learned of the March 27, 2015 seizure of property on July 27, 2015 upon his release from federal custody. *See* doc. 11 at PageID 71. Thus, indisputably, Moon received notice of the seizure.

personal property taken at the location where the search occurred. *See* Ohio R. Crim. P. 41(D)(1); *see also* Fed. R. Civ. P. 41(f)(1)(C).[5]

Based upon the foregoing, an objectively reasonable officer would not believe that failure to personally serve a property owner with a warrant receipt violates the Due Process Clause. Accordingly, Defendants are entitled to qualified immunity with regard to Moon's Fourteenth Amendment claim arising from Defendants' alleged failure to personally serve him with a receipt for the property seized during a search of his apartment.

### B.  IIED

With respect to Moon's IIED claim, Defendants, as noted, have moved for judgment on the pleadings with respect to this claim. Although Moon filed a memorandum in opposition to Defendants' motion, he did not specifically address Defendants' contention that his IIED claim is subject to dismissal. Accordingly, it appears Moon has abandoned his IIED claim and waived any arguments concerning dismissal. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (stating that "where, as here, plaintiff has not raised arguments in the [D]istrict [C]ourt by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived") (citing *Resnick v. Patton*, 258 F. App'x 789, 793 n.1 (6th Cir. 2007) (concluding that arguments are waived in the absence of opposition to a motion to dismiss in the district court) (further citations omitted)).

---

[5] Specifically, Ohio Criminal Rule 41 states that "[t]he officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, or shall leave the copy and receipt at the place from which the property was taken." *See* Ohio R Crim. P. 41(D)(1). Similarly, Federal Criminal Rule 41 states that "[t]he officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property." *See* Fed. R. Crim. P. 41(f)(1)(C).

## IV.

Based upon all of the foregoing, the Court: (1) **GRANTS** Defendants' motion for judgment on the pleadings (doc. 24); (2) **DENIES** Defendants' motions to strike (docs. 33, 35); (3) **DISMISSES** Moon's procedural due process and IIED claims; and (4) **ORDERS** Defendants to file a memorandum in opposition to Moon's motion for the return of property within **FOURTEEN (14) DAYS** from the entry of this Order.

This case remains pending on Moon's § 1983 claim alleging a violation of his Fourth Amendment right to be free from unreasonable searches and seizures.  The Court will docket an Amended Scheduling Order by separate entry.

**IT IS SO ORDERED**.

Date:   October 18, 2016                              s/ Michael J. Newman
                                                                                    Michael J. Newman
                                                                                    United States Magistrate Judge