UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DARNELL W. MOON,

    Plaintiff,

vs.

SHERIFF FISCHER, *et al.*,

    Defendants.

Case No. 3:15-cv-274

Magistrate Judge Michael J. Newman
(Consent Case)

## ORDER AND ENTRY DENYING *PRO SE* PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION (DOC. 73)

This civil consent case is before the Court on the motion of *pro se* Plaintiff Darnell Moon ("Moon") seeking an emergency preliminary injunction. Doc. 73. Moon seeks a preliminary injunction from this Court prohibiting an Assistant United States Attorney in the Eastern District of Missouri from using evidence against him in a criminal case currently pending in the United States District Court for the Eastern District of Missouri. For the reasons set forth herein, Moon's motion (doc. 73) is **DENIED**.

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). "Whether to grant a preliminary injunction is a matter within the discretion of the district court[.]" *Id.* "In determining whether to grant a preliminary injunction, district courts consider four factors: (1) whether the movant has demonstrated a likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the injunction will cause substantial harm to others if issued; and (4) whether granting the injunction will serve the public interest."

*Id*.  "In addition, an injunction generally should not issue if there is an adequate remedy at law." *Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331 (6th Cir. 1998) (citation omitted).

Here, even assuming, *arguendo*, that Moon could demonstrate a likelihood of success on the merits of any claim asserted in this case -- and that the Court should not abstain from hearing this case in its entirety while related criminal proceedings remain pending -- he fails to show that he stands to suffer irreparable injury in the absence of the requested preliminary injunction or that he lacks other available remedies at law.  Most significantly, nothing presently before the Court shows that Moon lacks the ability to file a motion to suppress in the Missouri criminal case.  Issues regarding the admissibility of evidence in Moon's criminal case should be determined conclusively by an order of the U.S. District Court for the Eastern District of Missouri in that criminal case, rather than by a preliminarily order issued in this collateral civil proceeding.  Further, the public's interest is best served by this Court declining to interfere with the criminal case now pending in the Eastern District of Missouri.

Based upon all of the foregoing, Moon's motion for an emergency preliminary injunction (doc. 73) is **DENIED.**

**IT IS SO ORDERED.**

Date:  June 23, 2017                                     s/ Michael J. Newman
                                                                           Michael J. Newman
                                                                           United States Magistrate Judge