UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DARNELL W. MOON,

    Plaintiff,

vs.

SHERIFF GENE FISCHER, *et al*.,

    Defendants.

Case No. 3:15-cv-274

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER AND ENTRY: (1) STAYING THIS CASE PENDING THE ENTRY OF JUDGMENT IN PLAINTIFF'S CRIMINAL CASE CURRENTLY PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI; (2) ORDERING PLAINTIFF TO NOTIFY THE COURT WITHIN 30 DAYS OF THE ENTRY OF JUDGMENT IN THE MISSOURI CRIMINAL CASE; (3) DENYING WITHOUT PREJUDICE TO REFILING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS (DOCS. 45, 85); (4) DENYING AS MOOT DEFENDANTS' MOTION TO STAY DISCOVERY (DOC. 64); (5) GRANTING PLAINTIFF'S MOTION FOR EXEMPTION FROM THE REGULAR MAIL SERVICE REQUIREMENT (DOC. 72); (6) DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (DOC. 89) WITHOUT PREJUDICE TO REFILE; AND (7) DIRECTING THE CLERK TO ADMINISTRATIVELY PROCESS THIS CASE PENDING FURTHER ORDER OF THE COURT FOLLOWING THE ORDERED STAY**

---

This is a *pro se* civil rights case in which Plaintiff Darnell Moon alleges claims under 42 U.S.C. § 1983. There are a number of pending motions in this case, namely: (1) Defendants' motion for judgment on the pleadings (doc. 45), to which Moon filed a memorandum in opposition (doc. 51); (2) Defendants' motion to stay discovery pending a ruling on the motion for judgment on the pleadings (doc. 64), to which Moon filed a memorandum in opposition (doc. 65); (3) Moon's motion for exemption from the regular mail service requirement (doc. 72); (4) Defendants' motion seeking an order on its motion for judgment on the pleadings (doc. 85); and Moon's motion to appoint counsel (doc. 89).

As previously noted by the undersigned, on January 19, 2017, Moon was indicted in the United States District Court for the Eastern District of Missouri on six separate counts of fraud in violation of 18 U.S.C. §§ 1341 and 1343. *United States v. Moon*, No. 1:17-cr-5, ECF 1 (E.D. Mo. Jan. 19, 2017). This Court's review of the docket of that criminal case reveals that the search warrant at issue in this case is a warrant from which evidence was allegedly acquired leading, at least in part, to the criminal charges in Missouri. *See United States v. Moon*, No. 1:17-cr-5, ECF 23 at PageID 64 (E.D. Mo. July 19, 2017). In effect, Moon is asking this Court to make legal conclusions that are equally at issue in the Missouri criminal case. Where one asserts a § 1983 or a *Bivens* "claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

In accordance with this general principle and common practice, the undersigned **STAYS** this case pending completion of the criminal proceedings now pending in the Eastern District of Missouri. Moon is hereby **ORDERED** to file a notice with this Court advising the Court and opposing counsel of the entry of judgment in the criminal case (E.D. Missouri Case No. 1:17-cr-5) within **30 days** of the entry of judgment. Moon is **ADVISED** that failure to timely file this notice as **ORDERED** may result in the dismissal of this case for failure to prosecute.

Because this case is now stayed and the issues presented in Defendants' motions for judgment on the pleadings may equally be at issue in the Missouri criminal case, the Court declines to address Defendant's motions for judgment on the pleadings at this time and, accordingly, **DENIES** such motions (doc. 45, 85) **WITHOUT PREJUDICE** to refiling following the conclusion of the stay. Defendants' motion to stay discovery pending a ruling on the judgment on the pleadings (doc. 64) is, accordingly, **DENIED AS MOOT**.

With regard to Moon's motion for leave from the requirement of serving all filings in this case on Defendants by regular mail (doc. 72), the Court **GRANTS** such motion in light of the financial hardship such requirement places upon Moon and further, based on the lack of prejudice to Defendants -- they will receive all filings via the Court's CM/ECF system.

Finally, for the reasons set forth by the Court previously (*see* doc. 70), Moon's motion for the appointment of counsel (doc. 89) is **DENIED**.

**IT IS SO ORDERED.**


Date:  October 6, 2017                             s/ Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge