UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DARNELL WESLY MOON,

    Plaintiff,                           Case No. 3:15-cv-274

vs.

SHERIFF FISCHER *et al.*,              Magistrate Judge Michael J. Newman
                                                                (Consent Case)

    Defendants.

---

**ORDER AND ENTRY: (1) DENYING *PRO SE* PLAINTIFF'S MOTION TO REINSTATE THE CASE (DOC. 105); (2) DENYING PLAINTIFF'S REQUEST FOR DOCUMENTS (DOC. 107); (3) DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL; AND (4) DENYING PLAINTIFF'S MOTION FOR CASE STATUS AS MOOT**

---

This is a *pro se* civil rights case that is presently terminated on the docket following the undersigned's dismissal of this action for failure to prosecute. Moon originally filed this case in August 2015 alleging claims under 42 U.S.C. § 1983, including, *inter alia*, allegations that Defendants violated his Fourth Amendment rights with regard to the issuance of a warrant to search his residence in Fairborn, Ohio.

On January 19, 2017, while this case was pending, Moon was indicted in the United States District Court for the Eastern District of Missouri on six separate counts of fraud in violation of 18 U.S.C. §§ 1341 and 1343. *United States v. Moon*, No. 1:17-cr-5, ECF 1 (E.D. Mo. Jan. 19, 2017). This Court's review of the docket in Moon's criminal case revealed that the warrant and search at issue his civil case resulted in the discovery of evidence that lead, at least in part, to the criminal charges in Missouri. *See United States v. Moon*, No. 1:17-cr-5, ECF 23 at PageID 64 (E.D. Mo. July 19, 2017). Accordingly, pursuant to *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007),

the undersigned stayed this civil case pending completion of the criminal proceedings in the Eastern District of Missouri.  Doc. 90.  Moon was ordered to file a notice with this Court advising the undersigned and opposing counsel of the entry of judgment in the criminal case within 30 days after its entry in Missouri.  *Id*.  Moon was advised that his failure to timely file such notice could result in the dismissal of this case for failure to prosecute.  *Id*.

In December 2018, the undersigned's review of the docket in the Eastern District of Missouri revealed that final judgment was entered in that case on July 16, 2018, *i.e.*, approximately five months earlier.  *See United States v. Moon*, No. 1:17-cr-5, ECF 66 (E.D. Mo. July 16, 2018).  Moon, however, had never advised the Court regarding the entry of judgment as he was ordered to do -- a notice that should have been filed on or before August 15, 2018.  In addition, despite being notified on numerous occasions to keep the Court apprised of any changes to his contact information, service by the Clerk of Court filings were returned as undeliverable.  Doc. 99.  As a result of the foregoing failures, on December 18, 2018, the undersigned directed Plaintiff to show cause as to why his case should not be dismissed for failure to prosecute.  Doc. 101.  Moon failed to respond to the Show Cause Order and, as a result, his case was dismissed for failure to prosecute on January 16, 2019.  Doc. 103.

Moon now moves to reinstate this case but cites no authority in support of his request.  Doc. 105.  Presumably, Moon seeks relief under either Rule 59(e) or Rule 60(b)(1).  Relief under Rule 59(e) is appropriate to cure a clear error or law, consider newly discovered evidence, or prevent a manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Relief under Rule 60(b)(1) is appropriate on the basis of "mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).  The only reason given by Moon to excuse his failures is that he was incarcerated in isolation away from his legal materials for two months

beginning on May 17, 2018 -- thus, until approximately mid-July 2018. Doc. 105. Moon's failures in this case, however, occurred after that date. There appearing to be no manifest injustice presented or reason justifying Moon's deficiencies in prosecuting this civil matter, the undersigned **DENIES** his motion to reinstate the case. Doc. 105.

Moon's motion requesting that the Court provide him with all documents filed in this case (doc. 107) is **DENIED**. *See Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964). Moon's motion for the appointment of counsel (doc. 108) is also **DENIED**. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Finally, having set forth the relevant procedural history of this case herein, Moon's motion requesting a separate status of the case (doc. 109) is **DENIED AS MOOT**. This case remains **TERMINATED** on the Court's docket.

    **IT IS SO ORDERED.**

Date:  July 29, 2019                               s/ Michael J. Newman
                                                                          Michael J. Newman
                                                                          United States Magistrate Judge